## Cooke Brewing Company v. Stephen Ryan.

### Gen. No. 12,271.

1. NEGLIGENCE—*question as to whether rate of speed constitutes, is for the jury.* The question as to whether the driving of a wagon at a particular rate of speed is or is not negligence, is one to be determined by the jury from the evidence.

2. INTOXICATION—*whether, contributed to injury, for the jury.* Whether the driver of a wagon was intoxicated and whether such intoxication contributed to the injury complained of, are both questions of fact to be determined by the jury from the evidence.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed March 23, 1906.

E. E. GRAY, F. J. CANTY and J. C. M. CLOW, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment recovered by appellee against it for $10,000 for personal injuries alleged to have been sustained by him through the negligence of appellant.

The injury was caused by an empty beer keg or half barrel which fell from a wagon of the defendant and struck the plaintiff and inflicted the injuries complained of.

The negligence alleged in the declaration was that: "The defendant, through its said servant, negligently caused and permitted said wagon to be loaded with said beer kegs in

such a negligent and improper manner, and so recklessly, negligently and carelessly drove and managed said horses and wagon, that as a result and in consequence thereof one of said beer kegs was thereby then and there thrown and fell from said wagon to and upon the plaintiff," etc.

The principal contention of appellant is that the verdict was against the evidence.

Emerald avenue, a north and south street, is about 250 feet east of Halsted street. Twenty-sixth street runs east from Halsted street across Emerald avenue. There were in 26th street two street car tracks, the north, the west-bound, and the south the east-bound track, and a switch track ran southeasterly from the north track into the south track about midway between Halsted street and Emerald avenue. Upon the wagon of defendant were from fourteen to eighteen empty beer kegs. On each side of the wagon, swinging between the wheels, suspended by what are called "tongs," was an empty beer barrel.

That a keg or half barrel fell from defendant's wagon and struck and injured the plaintiff, when the wagon was crossing Emerald avenue, is not disputed. The contention of the plaintiff was, that the keg fell from the wagon upon the plaintiff while he was standing upon the street, waiting for the wagon to pass in front of him, without his touching the wagon, or anything that was on it, and that the keg alone inflicted the injuries. The contention of the defendant was, that the plaintiff got upon the keg or barrel which was swinging between the wheels on the north side of the wagon, or upon the hub of the north hind wheel of the wagon, and attempted to climb upon the wagon, and in so doing he pulled the keg down upon himself, and that he was knocked down and the wheel of the wagon ran over him and that a part of his injuries was caused by the wheel running over his legs.

The evidence for the plaintiff tended to show that the wagon of defendant was going east on 26th street in the north street car track; that when it reached Emerald avenue the driver turned his team to the south to go into the south

track behind a car; that just at that time the plaintiff, then seven and a half years old, was crossing 26th street from the northeast corner of that street and Emerald avenue; that when he was between the street car tracks he looked up, saw the team coming from the west and stepped back, north, to the north track to let the team pass in front of him, and that as the hind wheels of the wagon passed over the north rail of the south track into that track a beer keg fell from the wagon and struck him; that the team of defendant was then going at a brisk trot; that one or more of the kegs on the top of the load rolled or moved from place to place or up and down as the wagon passed along. This is the substance of the testimony of the plaintiff and of four witnesses called by him, all of whom, according to their testimony, were in a position to see and observe the facts as to which they testified. As against and in substantial conflict with this testimony for the plaintiff is the testimony of eight or ten witnesses called by the defendant, to the effect that the plaintiff attempted to get upon the wagon while it was moving; that in so doing he got upon the hub of the hind wheel or upon the barrel which was suspended by the "tongs" between the wheels, and in trying to climb upon the wagon took hold of a keg and pulled it down upon himself. The defendant also gave evidence tending to show that the plaintiff and some of his witnesses had made statements in conflict with their testimony at the trial.

It would serve no useful purpose to examine here in detail the testimony of the witnesses. We have examined it carefully and arrived at the conclusion that the question whether the plaintiff came to his injury in the manner and from the cause testified to by him and his witnesses, or in the manner and from the cause testified to by the witnesses for the defendant, is a question upon which the verdict of the jury must be held conclusive.

The appellant further contends that if it be held that the jury might from the evidence properly find that a keg fell from the wagon upon the plaintiff as the wagon passed by him, without any one touching or interfering with the keg

before it fell, still the jury could not from such facts, taken
in connection with the other evidence, find the defendant
guilty of the negligence charged in the declaration. The
testimony of the driver of the wagon, on his cross-examina-
tion as stated in the abstract, is as follows: "It is easy to
throw a barrel off in turning in or out of the track. That
is a thing we figure on. It is a thing that often happens.
The faster you are going the more likely it is to fall off. A
half barrel cannot be thrown as easily as a whole barrel.
Turning in and out of a street car track will throw them
off quicker than anything else." The driver testified that
his team at the time of the accident was going "on kind of
a jog or a fast walk;" five witnesses called by the defendant
testified that the horses were going at slow trot, while the
witnesses for the plaintiff testified that they were going at a
brisk or fast trot.

From the evidence, the jury were warranted in finding as
facts: that it was easy to throw a barrel or keg off from
the wagon in turning in or out of a car track; that it was
a thing which often happened; that the faster the wagon was
going the more likely a keg was to fall off; that turning in
and out of a car track would throw a barrel off quicker
than anything else; that all this was known to the driver
of the wagon and that yet, in driving along a public street
of a great city, with a wagon loaded with empty barrels and
kegs so placed and loaded that some of the kegs rolled and
jumped up and down as the wagon went along, the driver,
at a street crossing, turned into a car track when his team
was going at a fast trot, and that in so doing a keg was
jostled or thrown off from the wagon and upon the plaintiff,
who was properly upon the street waiting for the wagon to
pass so that he might cross the street behind it. We cannot
say that from these facts the jury might not properly find, as
facts, that the defendant was guilty of the negligence charged
in the declaration and that such negligence was the direct
cause of the injury complained of.

Complaint is made of the refusal of the court to give for
the defendant the following instruction:

Cooke Brewing Co. v. Ryan.

"You are instructed that there is no evidence in this case from which it can reasonably be inferred that this defendant, Cooke Brewing Company, was not using ordinary care in respect to the rate of speed at which the team and wagon in question were driven at the time of the accident, and therefore, you should not hold the defendant negligent in that regard."

We think that the question, whether the driver was using ordinary care in respect to the rate of speed in which he was driving his team, was upon the evidence a question for the jury, and that the instruction was therefore properly refused.

Complaint is also made of the refusal of the court to give for the defendant this instruction:

"It is claimed by the plaintiff herein that the driver of the team and wagon at the time of the accident was drunk, but you are instructed that even though you believe that this driver was at the time of the accident under the influence of liquor to the degree claimed by the plaintiff, yet you are instructed that his condition in that respect did not help to bring about this accident and you should not hold the defendant, Cooke Brewing Company, guilty of negligence in so far as the claimed intoxicated condition of said driver is concerned."

Whether if the driver of the wagon was in fact intoxicated his condition helped to bring about the accident, was also a question of fact for the jury, and the instruction was therefore properly refused.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*